ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **ALLIED FINANCIAL SERVICES, INC.** <br> DEMANDANTE(S)-RECURRIDA(S) <br><br> V. <br><br> **GOLD BANANA OF PUERTO RICO, INC; ELLIOT GIRAU DONATE** <br> DEMANDADA(S)-PETICIONARIA(S) | **KLCE202400226** | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de **SAN JUAN** <br><br> Caso Núm. **SJ2022CV05565 (908)** <br><br> Sobre: <br> Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez.[1]

*Barresi Ramos*, juez ponente.

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 13 de marzo de 2026.

Comparece ante este Tribunal de Apelaciones, el señor **ELLIOT GIRAU DONATE** (señor **GIRAU DONATE**) mediante una *Apelación* instada el 16 de febrero de 2024.[2] En su escrito, nos solicita que revisemos la *Resolución* emitida el 1 de diciembre de 2023 por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan.[3] Mediante esta decisión, el foro *a quo* declaró *no ha lugar* la *Moción en Levantamiento de Rebeldía y Solicitud de Desestimación* presentada el 29 de agosto de 2023 por el señor **GIRAU DONATE**.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] En virtud de la *Orden Administrativa OATA-2025-019* de 10 de febrero de 2025 se designó al Juez Isaías Sánchez Báez para sustituir a la Jueza Camille Rivera Pérez quien cesó sus funciones en el Tribunal de Apelaciones.

[2] El 23 de febrero de 2024, decretamos *Resolución* acogiendo el recurso como un *Certiorari*.

[3] Este dictamen judicial fue notificado y archivado en autos el 4 de diciembre de 2023. Apéndice de la *Apelación,* entrada núm. 48 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

## - I -

El 23 de junio de 2022, **ALLIED FINANCIAL SERVICES, INC. (ALLIED)** incoó una *Demanda* sobre cobro de dinero contra **GOLD BANANA OF PUERTO RICO, INC. (GOLD BANANA)** y el señor **GIRAU DONATE**.[4] Adujo que el 18 de febrero de 2019, las partes suscribieron un contrato de arrendamiento con relación a un camión cuyo canon mensual era $1,695.00. La duración del contrato era treinta y seis (36) meses. Ante el incumplimiento del contrato, requirió que **GOLD BANANA** y el señor **GIRAU DONATE** pagarán la suma de $57,151.20 en concepto de arrendamiento vencido, debido y no pagado; el desembolso de los intereses acumulados; satisfacer los gastos, costas y honorarios de abogado por una cantidad no menor de $5,000.00. El 28 de junio de 2022, fueron expedidos los correspondientes emplazamientos.[5]

Después, el 28 de septiembre de 2022, **ALLIED** presentó su *Moción Informativa y en Solicitud de Emplazamiento por Edicto* acompañada de una *Declaración Jurada*.[6] El 24 de octubre de 2022, **ALLIED** presentó *Moción en Cumplimiento de Orden* anejando una *Declaración Jurada*.[7] Así, el 1 de noviembre de 2022, se dictaminó *Orden* mediante la cual se autorizó emplazar mediante edicto.[8]

Pasado algún tiempo, el 3 de enero de 2023, **ALLIED** presentó una *Moción en Solicitud de Anotación de Rebeldía* comprobando haber publicado el edicto en el periódico *Primera Hora* y remitido copia del emplazamiento por correo certificado con acuse de recibo a la última dirección conocida.[9] Ante la incomparecencia de **GOLD BANANA** y el señor **GIRAU DONATE**, requirió

---

[4] Apéndice de la *Apelación,* entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[5] Apéndice de la *Apelación,* entrada núm. 3 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[6] Apéndice de la *Apelación,* entrada núm. 5 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA). Cabe destacar que **ALLIED** comparece como la parte demandante en la *Demanda,* pero en este escrito, así como la entrada núm. 7 se ha identificado como AAA Car Rentals, Inc.

[7] Apéndice de la *Apelación,* entrada núm. 9 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[8] Apéndice de la *Apelación,* entrada núm. 10 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[9] Apéndice de la *Apelación,* entrada núm. 14 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

la anotación de rebeldía y se dictara sentencia a su favor. El 19 de enero de 2023, se tramitó *Orden* en la cual se le anotó rebeldía a **GOLD BANANA** y el señor **GIRAU DONATE** así como se le exigió presentar declaración jurada acreditativa de la deuda dentro de diez (10) días.[10] Por ende, el 2 de febrero de 2023, **ALLIED** presentó una *Moción en Solicitud de Prórroga* adjuntando *Declaración Jurada* firmada por la señora Gianina Torres Huertas, representante de **ALLIED.**[11] En esa fecha, el 2 de febrero de 2023, se decretó *Sentencia* ordenando a **GOLD BANANA** y el señor **GIRAU DONATE,** parte demandada, pagar a AAA Car Rental, Inc. la cantidad de $57,151.20 en concepto de renta vencida, debida y no pagada y se le impuso una cantidad de $5,000.00 en concepto de honorarios de abogados.[12]

El mismo día, el señor **GIRAU DONATE** presentó su *Moción en Levantamiento de Rebeldía y Solicitud de Desestimación.*[13] Esgrimió que las partes tenían amplia comunicación telefónica; advino en conocimiento por una notificación llegada tardíamente a **GOLD BANANA;** hubo un caso anterior entre las partes (SJ2021CV01326); el 27 de agosto de 2021, las partes habían suscrito un *Acuerdo de Transacción, Relevo de Derechos y Acuerdo de Confidencialidad;* y no procedía la reclamación sobre sobro de dinero dado que había satisfecho la deuda al acreedor. El 23 de febrero de 2023, **ALLIED** presentó su *Oposición a "Moción en Levantamiento de Rebeldía y Solicitud de Desestimación".*[14] Precisó que el escrito del señor **GIRAU DONATE** no cumplió con los incisos de la Regla 49.2 de las de Procedimiento Civil de 2009. En consecuencia, el 11 de abril de 2023, se aprestó *Resolución* profiriendo: examinadas las comparecencias de las partes, se declara no ha lugar la

---

[10] Apéndice de la *Apelación,* entrada núm. 15 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[11] Apéndice de la *Apelación,* entrada núm. 17 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[12] Apéndice de la *Apelación,* entrada núm. 20 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[13] Apéndice de la *Apelación,* entrada núm. 21 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[14] Apéndice de la *Apelación,* entrada núm. 23 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

solicitud de relevo de la anotación de rebeldía por no cumplirse con los criterios de la Regla 49 de Procedimiento Civil.[15]

Transcurrido algún tiempo, por haberse encausado un recurso ante este foro, el 7 de julio de 2023, el señor GIRAU DONATE presentó *Moción en Levantamiento de Rebeldía y Solicitud de Desestimación* en la cual, entre otras, manifestó que había presentado una moción de desestimación que no había sido resuelto.[16] El 2 de agosto de 2023, el foro primario dispuso: "Nada que disponer. No se ha recibido el mandato".[17] El 28 de agosto de 2023, se recibió el *Mandato*.[18] Al día siguiente, el 29 de agosto de 2023, el señor GIRAU DONATE presentó nuevamente su *Moción en Levantamiento de Rebeldía y Solicitud de Desestimación*.[19]

El 8 de septiembre de 2023, ALLIED presentó una *Moción Informativa y en Cumplimiento de Orden*.[20] Expuso que el 4 de septiembre de 2023, se publicó la *Sentencia* en el periódico El Vocero y el 8 de septiembre de 2023 había notificado por correo certificado con acuse de recibo copia de la providencia a GOLD BANANA y el señor GIRAU DONATE. Al poco tiempo, el 13 de septiembre de 2023, ALLIED presentó una *Oposición a "Moción en Levantamiento de Rebeldía y Solicitud de Desestimación".*[21]

El 16 de noviembre de 2023, se expidió *Orden*, requiriéndole al señor GIRAU DONATE presentar en diez (10) días evidencia del pago del acuerdo extrajudicial de 2022.[22] Por consiguiente, el 1 de diciembre de 2023, se determinó la *Resolución* impugnada. El 19 de diciembre de 2023, el señor

---

[15] Apéndice de la *Apelación,* entrada núm. 25 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[16] Apéndice de la *Apelación,* entrada núm. 32 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[17] Apéndice de la *Apelación,* entrada núm. 33 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[18] Apéndice de la *Apelación,* entrada núm. 37 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[19] Apéndice de la *Apelación,* entrada núm. 35 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[20] Apéndice de la *Apelación,* entrada núm. 38 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[21] Apéndice de la *Apelación,* entrada núm. 40 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[22] Apéndice de la *Apelación,* entrada núm. 46 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

**GIRAU DONATE** presentó *Reconsideración la Resolución Emitida el 1ro de diciembre de 2023 y Archivada en Autos el 4 de diciembre de 2023*.[23] Arguyó, en esencia, que:

> "[d]e una breve revisión de la Demanda presentada y presumiendo su contenido como cierto, no existen alegaciones específicas dirigidas a la parte aquí demandada que sostenga algún remedio a favor de la parte demandante. [...] solicitamos que se deje sin efecto la Resolución emitida el 1ro de diciembre de 2023 y archivada en autos el 4 de diciembre de 2023 y se levante la rebeldía al demandado Elliot Giraud Donate, para que este pueda tener sus días en cortes y se pueda celebrar una vista evidenciaria. Así se le suma que el Tribunal juzgue conforme al derecho y a la realidad entre las partes. La justicia debe prevalecer contra moldes procesales. [...] Se concede a la parte Demandada el derecho de poder probar legítimamente su caso".

El 14 de enero de 2024, se pronunció *Orden* declarando no ha lugar la petición de reconsideración.[24]

En desacuerdo, el 16 de febrero de 2024, el señor **GIRAU DONATE** recurrió ante este tribunal intermedio mediante *Apelación* señalando el(los) siguiente(s) error(es):

> Erró el Honorable Tribunal de Primera Instancia al dar paso a una demanda presentada por una parte que carecía de legitimación activa para ello.
>
> Erró el Honorable Tribunal de Primera Instancia y abusó de su discreción al no dejar sin efecto la Anotación de Rebeldía en cuanto al codemandado-apelante, impidiéndole aportar prueba y esgrimir las defensas a su favor para rebatir lo planteado en la demanda.
>
> Erró el Honorable Tribunal de Primera Instancia y abusó de su discreción al emitir una sentencia en rebeldía final sin haber realizado una vista en rebeldía, relevando a la parte Demandante de probar las alegaciones de la demanda, cuando no se incluyó en la Demanda evidencia alguna de la alegada relación contractual entre las partes ni tampoco una Declaración Jurada.
>
> Erró el Honorable Tribunal de Primera Instancia y abusó de su discreción al emitir una sentencia en rebeldía final cuando carecía de jurisdicción para ello, toda vez que los emplazamientos por edicto se emitieron pasado el término jurisdicción e improrrogable de 120 días contados a partir de la fecha de expedición de los emplazamientos originales en el caso.

---

[23] Apéndice de la *Apelación,* entrada núm. 49 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[24] Apéndice de la *Apelación,* entrada núm. 50 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

En seguida, el 29 de febrero de 2024, decidimos *Resolución* en la cual concedimos un intervalo de diez (10) días para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. El 11 de marzo de 2024, **ALLIED** presentó su *Alegato de la Parte Apelada*.

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- III –

- A - *CERTIORARI*

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias decretadas por una corte de inferior instancia judicial.[25] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[26]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[27] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[28]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[29] La aludida Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter

---

[25] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[26] *Íd.*
[27] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[28] *Íd.*
[29] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*

dispositivo".[30] La Regla 52.1 de las de Procedimiento Civil de 2009 instaura que los recursos de *certiorari* deben tramitarse de conformidad con la ley aplicable.[31] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público; o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[32]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[33]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[34] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y

---

[30] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[31] 32 LPRA Ap. V., R. 52.1.
[32] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra; McNeil Healthcare v. Mun. Las Piedras I, supr*a, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[33] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.
[34] *Íd.*

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[35]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[36] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[37] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[38] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[39]

Por otra parte, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción.[40] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[41]

## - B – *REBELDÍA*

La figura jurídica de la *rebeldía* se refiere a "la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal".[42] Nuestro ordenamiento procesal permite que se declare en *rebeldía* a una parte en cuatro (4) instancias, a saber: (1) por

---

[35] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).

[36] *García v. Padró*, 165 DPR 324, 335 (2005), n. 15.

[37] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).

[38] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).

[39] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc., supra.*

[40] *García v. Asociación*, 165 DPR 311, 322 (2005); *Rebollo López v. Gil Bonar*, 148 DPR 673, 677 (1999).

[41] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[42] Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta edición, Lexis Nexis, (2017), págs. 327.

no comparecer al proceso después de haber sido debidamente emplazada; (2) por no contestar o alegar dentro del término concedido por ley, habiendo comparecido mediante alguna moción previa de dónde no surja la intención clara de defenderse; (3) por negarse a descubrir su prueba después de habérsele requerido mediante los métodos de descubrimiento de prueba; o (4) simplemente cuando la parte ha incumplido con alguna orden del tribunal.[43]

Uno de los propósitos del mecanismo de la *rebeldía* es desalentar el uso de la dilación como estrategia de litigación. Este concepto se encuentra instituido en la Regla 45.1 de las de Procedimiento Civil de 2009 en la cual se dispone:

> *Anotación*
>
> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.
> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
> Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.[44]

La consecuencia jurídica de anotar la *rebeldía* a una parte en un pleito será "que se den por admitidas las aseveraciones de las alegaciones afirmativas" correctamente incluidas en la *Demanda*.[45] Si bien existe una política judicial que prefiere que los casos se vean en sus méritos, **no se puede descartar que tanto los litigantes como el resto de la sociedad tienen un interés en que los casos se adjudiquen dentro de un periodo de tiempo razonable**.[46]

---

[43] *Íd.*, págs. 327- 328.
[44] 32 LPRA Ap. V, R. 45.1.
[45] *Martínez Rodríguez v. Lang Correa*, 213 DPR 221 (2023); *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93 (2001).
[46] *Menéndez Lebrón v. Rodríguez Casiano*, 203 DPR 885 (2023).

De otro lado, la Regla 45.3 de las de Procedimiento Civil de 2009, estatuye la facultad de un tribunal para dejar sin efecto una anotación de *rebeldía* por *causa justificada*. Igualmente, autoriza que se deje sin efecto la anotación luego de que se haya dictado *Sentencia*. Nuestro Tribunal Supremo ha dilucidado que los criterios inherentes a la Regla 49.2 de las de Procedimiento Civil de 2009 sobre solicitud de relevo de una sentencia dictada en rebeldía son: (1) si el peticionario tiene una buena defensa en sus méritos; (2) el tiempo que media entre la sentencia y la solicitud de relevo; y (3) el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia.[47]

En cualquier caso, aunque la facultad de un foro de instancia para dejar sin efecto una anotación de *rebeldía* al amparo de la Regla 45.3 de las de Procedimiento Civil de 2009 se enmarca en la existencia de *justa causa*, se debe interpretar liberalmente, resolviéndose cualquier duda a favor de que se deje sin efecto la anotación o la *Sentencia* en *rebeldía*, a fin de que el proceso continúe y el caso pueda resolverse en sus méritos.[48]

En definitiva, al ejercer su discreción en los casos en que se solicita levantar una anotación de *rebeldía*, los jueces y juezas de los foros de primera instancia deben procurar un balance entre la deseabilidad de dar por terminados los pleitos y estos se resuelvan en sus méritos.[49] Esto es, en nuestra jurisdicción impera "una clara política pública judicial de que los casos se ventilen en sus méritos".[50] "Ausente el perjuicio que pudiera ocasionar a la otra parte, se debe propiciar la adjudicación de los pleitos en sus méritos".[51]

### - B – *REGLA 49.2 DE LAS DE PROCEDIMIENTO CIVIL DE 2009*

La Regla 49.2 de las de Procedimiento Civil de 2009permite que una

---

[47] *Neptune Packing Corp. v. The Wackenhut Corp.,* 120 DPR 283, 294 (1988).
[48] *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 591- 592 (2011).
[49] *Neptune Packing Corp. v. The Wackenhut Corp., supra,* pág. 294.
[50] *Menéndez Lebrón v. Rodríguez Casiano,* supra; *Sierra Quiñones v. Rodríguez Luciano,* 163 DPR 738, 745 (2005).
[51] *Id.*

parte solicite al foro de primera instancia el relevo de los efectos de una sentencia, siempre que se cumpla con una de las causales allí enumeradas y la solicitud se presente dentro de un término de seis (6) meses de haberse registrado la sentencia. [52] Con las excepciones que abajo se mencionan, el dejar sin efecto una sentencia es una facultad discrecional de los tribunales de primera instancia.[53] Esta Regla debe interpretarse liberalmente, y cualquier duda debe ser resuelta a favor de la parte que solicita que se deje sin efecto una anotación de rebeldía o una sentencia, de manera que el proceso continúe y el caso pueda resolverse en sus méritos.[54] En lo aquí pertinente, la Regla 49.2 de las de Procedimiento Civil de 2009, *supra,* lee como sigue:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
> (a) error, inadvertencia, sorpresa o negligencia excusable;
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de este apéndice;
> (c) fraude (incluso el que hasta ahora se ha denominado 'intrínseco' y el también llamado 'extrínseco'), falsa representación u otra conducta impropia de una parte adversa;
> (d) nulidad de la sentencia;
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.
> Las disposiciones de esta regla no aplicarán a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:
> (1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;
> (2) conceder un remedio a una parte que en realidad no haya sido emplazada, y
> (3) dejar sin efecto una sentencia por motivo de fraude al tribunal.
> [...]

Ahora bien, independientemente de la existencia de alguno de los

---

[52] 32 LPRA Ap. V. *Banco Santander PR v. Fajardo Farms Corp.,* 141 DPR 237, 243 (1996).
[53] *Southern Construction Co. v. Tribunal Superior,* 87 DPR 903, 905 (1963).
[54] *Náter Cardona v. Ramos Muñiz,* 162 DPR 616, 624-625 (2004); *Piazza Vélez v. Isla del Río, Inc.,* 158 DPR 440, 480 (2003).

fundamentos enumerados en la precitada Regla 49.2, el relevar a una parte de una sentencia es una decisión discrecional del tribunal salvo en los casos de nulidad, o cuando la sentencia ha sido satisfecha.[55] Una sentencia es nula, entre otras ocasiones, cuando la sentencia se ha dictado sin jurisdicción, ya sea sobre la materia o las partes en un pleito, o cuando al dictarla se ha quebrantado el debido proceso de ley.[56] Bajo este supuesto de nulidad no hay margen de discreción como con los otros fundamentos de la Regla 49.2.[57] "[S]i una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado".[58]

De otra parte, el término máximo de seis (6) meses que contempla la Regla para la presentación de la moción de relevo de sentencia es fatal en su acción extintiva del derecho.[59] "Transcurrido dicho plazo, no puede adjudicarse la solicitud de relevo".[60] No obstante lo anterior, dicha Regla permite entablar una acción independiente en los casos de nulidad de la sentencia, como ocurre cuando esta se ha dictado sin jurisdicción sobre la persona del demandado.[61] De manera que, la Regla 49.2 de las de Procedimiento Civil de 2009, *supra,* provee dos (2) mecanismos mediante los cuales una parte puede conseguir ser relevada de los efectos de una sentencia dictada sin jurisdicción sobre su persona:

> El primero es una solicitud bajo la Regla [49.2(d)], *supra,* la cual, por disposición de la propia regla, debe ser presentada dentro de los seis (6) meses siguientes de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. **Transcurrido el término de seis (6) meses dispuesto en la Regla 49.2, *supra,* la parte que desee plantear la nulidad de la sentencia debe recurrir a una acción independiente de nulidad de sentencia.** (énfasis suplido).[62]

- III -

---

[55] *Rivera Meléndez v. Algarín Cruz,* 159 DPR 482, 490 (2003).
[56] *Id.; Banco Santander PR v. Fajardo Farms Corp., supra,* pág. 244.
[57] *García Colón v. Sucesión González Couvertier,* 178 DPR 527, 543 (2010).
[58] *Id.,* págs. 543-544.
[59] *Banco Santander PR v. Fajardo Farms Corp., supra,* pág. 243.
[60] *Id.*
[61] *Id.,* pág. 244.
[62] *Banco Santander PR v. Fajardo Farms Corp., supra,* págs. 246-247.

El señor **ELLIOT GIRAU DONATE** cuestiona en su recurso de *Apelación* que: (i) **ALLIED** carece de legitimación activa para incoar su causa de acción sobre cobro de dinero; (ii) el tribunal primario abusó de su discreción al no dejar sin efecto la anotación de rebeldía, impidiéndole aportar prueba y esgrimir las defensas a su favor para rebatir lo planteado en la demanda; (iii) abusó de su discreción al emitir una sentencia en rebeldía final sin haber realizado una vista en rebeldía, relevando a **ALLIED** de probar las alegaciones de la *Demanda*, cuando no se incluyó en la causa de acción evidencia alguna de la alegada relación contractual entre las partes ni tampoco una declaración jurada; y (iv) abusó de su discreción al emitir una sentencia en rebeldía final cuando carecía de jurisdicción para ello, toda vez que los emplazamientos por edicto se emitieron pasado el término jurisdicción e improrrogable de ciento veinte (120) días contados a partir de la fecha de expedición de los emplazamientos originales en el caso.

Por su parte, **ALLIED** sustentó que: (i) es un d/b/a de AAA Car Rental, Inc. lo cual fue ratificado mediante una declaración jurada firmada por un representante de la entidad de modo que ostenta legitimación activa para promover la causa de acción; (ii) dentro de los ciento veinte (120) días para el diligenciamiento del emplazamiento, el 24 de octubre de 2022, se presentó *Moción en Cumplimiento de Orden* uniendo una *Declaración Jurada* implorando autorización para emplazar mediante edicto, lo cual fue autorizando comenzando así un nuevo período de ciento veinte (120) días para el diligenciamiento; (iii) el tribunal podría dejar sin efecto una anotación de rebeldía de acuerdo con la Regla 49.2, más el señor **GIRAU DONATE** no cumplió con los requerimientos de la mencionada Regla como tampoco discutió ninguno de los incisos para fundamentar su posición; y (iv) el petitorio de desestimación bajo la Regla 10 de Procedimiento Civil debió presentarse previo a que se dictara Sentencia.[63]

---

[63] Coincidimos con el planteamiento, debido a que el lapso vencía el 26 de octubre de 2022. Por lo cual, aún no habían culminado los ciento veinte (120) días, desde la expedición de los

Concretamos que al señor GIRAU DONATE no le asiste la razón. En cuanto al **primer** y **cuarto** error, (i) ALLIED carece de legitimación activa para incoar esta causa de acción sobre cobro de dinero; y (ii) abusó de su discreción al emitir una sentencia en rebeldía final cuando carecía de jurisdicción para ello, toda vez que los emplazamientos por edicto se emitieron pasado el término jurisdicción e improrrogable de ciento veinte (120) días contados a partir de la fecha de expedición de los emplazamientos originales en el caso, no los atenderemos. Toda vez que **no** fueron planteados ante el foro recurrido.

Por estar íntimamente relacionados los otros dos (2) errores: **segundo** y **tercero**, los discutiremos en conjunto. Razonó que el tribunal de instancia abusó de su discreción al no dejar sin efecto la anotación de rebeldía impidiéndole aportar prueba y esgrimir sus defensas; y sin realizar una audiencia relevando a ALLIED de probar sus alegaciones.

Ante todo, habiendo sido el señor GIRAU DONATE debidamente emplazado mediante edicto, transcurrido en exceso el término para replicar y no existiendo una *justa causa* para la demora en la presentación de una alegación responsiva, procedía la anotación de *rebeldía*. Ahora bien, al ejercer su discreción para levantar la anotación de *rebeldía*, el tribunal debió determinar si existía una *justa causa.* Más aún, el 11 de abril de 2023, mediante *Resolución* el foro primario elucida que, examinadas las comparecencias de las partes, se declara no ha lugar la solicitud de relevo de la anotación de rebeldía por no cumplirse con los criterios de la Regla 49 de Procedimiento Civil.[64] Así, anotada la rebeldía, se dan por admitidas las aseveraciones de las alegaciones afirmativas correctamente incluidas en la *Demanda,* siendo innecesaria la celebración de una audiencia. En este caso, el tribunal requirió y se presentó una *Declaración Jurada* suscrita por la señora Gianina Torres Huertas, representante de ALLIED encargada de manejar las cuentas y

---

emplazamientos, al momento en que ALLIED intima el emplazamiento por edicto, y una vez autorizado inician otros ciento veinte (120) días.

[64] El 7 de febrero de 2023, el señor GIRAU DONATE comparece por primera ante el tribunal y es en la misma fecha en que se notifica la *Sentencia.*

reclamaciones, concerniente al contrato entre las partes y la deuda reclamada. De este modo, el 2 de febrero de 2023, se decidió la *Sentencia.*

En definitiva, colegimos que el tribunal primario no erró ni abusó de su discreción, cometió perjuicio o error manifiesto al dictar la *Sentencia* en rebeldía al amparo de la Regla 45.2 de las de Procedimiento Civil de 2009 y declarar ha lugar la *Demanda* interpuesta por **ALLIED** toda vez que su determinación es esencialmente correcta y encontró fundamento en los documentos que obran en el expediente judicial. En conclusión, **no** se incidió en los errores **segundo** y **tercero**.

## - VI -

Por los fundamentos antes expuestos, ***expedimos*** el auto de *certiorari* emprendido el 16 de febrero de 2024 por el señor **ELLIOT GIRAU DONATE**; y ***confirmamos*** la *Resolución* promulgada 1 de diciembre de 2023 por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón concurre con el resultado y hace constar las siguientes expresiones: "En atención a las particularidades que presenta el caso, entiendo que se debió disponer del recurso con mayor celeridad".

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones